Saul S. Stkbit, J.
Defendant, G-. P. Putnam’s Sons, hereinafter referred to as “Putnam”, moves to dismiss the first, second and third causes of action for alleged insufficiency.
The first cause of action seeks damages for alleged violation by Putnam of sections 50 and 51 of the Civil Rights Law. It is alleged that Putnam has published and circulated, and is continuing to publish and circulate, a book entitled “ Memoirs of a Woman of Pleasure”, containing an “Introduction” and “Note” which are intended to increase the sales of the book by making it appear to be a work of recognized literary merit; that in the “ Note ”, language is used-which implies that plaintiff in his professional capacity as a literary critic, regards “ Memoirs of a Woman of Pleasure ” as a work having literary merit, whereas plaintiff’s true opinion as expressed in his writ *609 ings, is that the “ Memoirs ” are “ tediously and bewilderingly pornographic” and “humorless indecency unadorned ”. The “ Note ”, a copy of which is annexed to and made part of the complaint, states that plaintiff paid both the author of the ‘ ‘ Memoirs ’ ’ and his novel ‘ ‘ grudging respect ’ ’, and quotes a sentence from an article by plaintiff which refers to the book as “ more nearly immortal than anything ” Dr. Johnson, Edward G-ibbon and William Wordsworth “ and the other great men of the time wrote.” Plaintiff alleges that the excerpts from his writing contained in the “ Note ” are quoted “ out of context ” and in such a manner as to conceal plaintiff’s unfavorable opinion of the book as a literary work, as expressed in his writings. Plaintiff further charges that the “ Note ” and “ Introduction ” were published without his consent and that the unauthorized use of his name for advertising and trade purposes violates the Civil Eights Law.
The second cause of action is likewise based on the Civil Eights Law. It differs from the first cause only in that it seeks injunctive relief, rather than damages.
The moving defendant relies upon the well-established rule that sections 50 and 51 of the Civil Eights Law do not apply to articles of current news and also articles ‘ ‘ which, though not strictly news, are informative and educational and which make use of the names or pictures of living persons ’ ’ and which ‘ ‘ have some legitimate public interest ” (Koussevitzky v. Allen, Towne & Heath, 188 Misc. 479, 482, affd. 272 App. Div. 759). The doctrine that the unauthorized use of a person’s name or portrait in connection with “ the dissemination of information ” does not violate the statute has been held applicable regardless of whether the article in question appears in a newspaper, a magazine, a newsreel, a television broadcast, a motion picture, or a book (Dallesandro v. Holt & Co., 4 A D 2d 470, 471). The Dallesandro case (supra) involved a book purporting to be a true story of a priest’s one-man crusade against gangsterism on the New York waterfront. The jacket of the book contained a picture of Dallesandro, a longshoreman, in conversation with the priest. The statements in the book itself would not be actionable under the Civil Eights Law since its purpose was the dissemination of information in which there was a “ legitimate public interest ”. Holding that the picture on the jacket bore a real relationship to the book, the court permitted the picture to enjoy the same exemption from the scope of the statute as that applicable to the book itself.
If the “Introduction” and “Note”, containing references to statements alleged to have been made by plaintiff, a literary *610 critic, in articles dealing with the “ Memoirs ” had been published in bona fide periodicals or other publications, not circulated for the purpose of promoting the sale of the “ Memoirs ” but solely to disseminate information as to a book in which there was great public interest, it would be clear that plaintiff would possess no cause of action for violation of the Civil Eights Law. This would be so even if plaintiff’s true views were not correctly represented in the “ Introduction ” and “ Note ” (Koussevitzky v. Allen, supra, p. 484).
The difficulty in the instant case is that the 11 Introduction ” and “ Note ” are physically part of the volume containing the “ Memoirs ”. The “ Memoirs ” themselves do not constitute a work designed to disseminate information in which there was or is a legitimate public interest. If, therefore, the purpose and intent of the inclusion of the “ Note ” and “ Introduction ” in the same book with the “Memoirs ” was to increase the sales of the “ Memoirs ”, as plaintiff alleges, the unauthorized references to plaintiff therein would violate the Civil Eights Law. Defendant urges that, because the “ Introduction ” and “ Note ” can be read only if the book itself is opened, their contents cannot possibly have been intended for trade or advertising purposes. This does not necessarily follow. For example, persons browsing through books at a bookstore or library and glancing at the “Note” may be induced by the favorable references to the “ Memoirs ” to purchase the book. It is also possible that in other ways the contents of the “Note” and “Introduction” might promote the sale of the book. In the Koussevitzky case (supra), the court pointed out (p. 483) that “ It is clear * * * that the right of privacy statute applies to the unauthorized use of a name or picture to sell a collateral commodity That is what plaintiff claims to have been the purpose of the articles complained of. The court is of the opinion that plaintiff’s charge, that the purpose of the physical inclusion of the “ Note ” and “ Introduction ” in the book was to increase the sale of the “ Memoirs ”, may not properly be dismissed as untenable as a matter of law. Although plaintiff’s motion for a temporary injunction was recently denied (N. Y. L. J., Sept. 16, 1963, p. 12, col. 2, Postel, J.) because plaintiff’s right to succeed was not established so clearly as to warrant the granting of a temporary injunction, the court directed an early trial, thereby inferentially indicating that it deemed the complaint sufficient as a pleading. This court accordingly holds that the first and second causes of action are prima facie sufficient and may not be dismissed on the present pleading motion.
*611 The third cause of action sounds in libel. Plaintiff alleges that the statements in the “ Note ” led readers to believe that he thought the “Memoirs” to be a book of literary quality, merit, and appeal, whereas his true opinion is to the contrary. It is alleged that plaintiff has been injured in his reputation and held up to ridicule and contempt as a result of the publication.
There is, however, no allegation, as such, that the £ £ Memoirs ’ ’ are not a work of literary merit. Nor is there an allegation that the public generally considers the book to be one without literary merit. Plaintiff cannot be damaged, by being falsely charged with having expressed the opinion that the book possesses literary merit, unless the reading public considers that opinion erroneous. The mere fact that plaintiff’s personal opinion may be that the work is without literary merit is of no consequence. The reading public may disagree with plaintiff’s personal view, in which event his reputation would not be adversely affected by the false attribution to him of a favorable opinion as to the literary merit of the book. Since the third cause of action is insufficient for the reason indicated, it is unnecessary to consider the contention that special damages should have been alleged to make out a good cause of action.
The motion is granted to the extent of dismissing the third cause of action, and otherwise denied, with leave to serve an amended complaint within 10 days from the service of a copy of this order with notice of entry.